M. LAVENSOHN and J. B. GALLAND, Appellants, **v.** LOOMIS WARD and H. P. WHIPPLE, Respondents.

No. 3452; November 19, 1872.

**Crops—Conflicting Liens.**—The Lien of a Mortgagee of a crop, taken with notice that a creditor of the owners has already been given possession of it to gather and apply upon his debt, is inferior to his lien.

**Replevin.**—In Replevin the Subject Matter of the Action is Confined to specific property mentioned in the complaint, and the defendant may not introduce in his answer another subject matter

referring to other property, even if thereby it appears that he has a right to recover such other property in a separate action.

APPEAL from Second Judicial District, Tehama County.

P. B. Nagle for appellants; Chadbourne & Lewis for respondents.

Per CURIAM.—We are of opinion that when Ward received the possession of the growing crops, under an agreement with the owner that he should gather them and apply them to the payment of the debt due to him, he thereby acquired a lien upon such crops and a right to their possession which was superior to that subsequently acquired by the plaintiffs under the mortgage of October 19th, taken, as it was, with notice of the rights of Ward. The judgment, however, which the defendant Ward obtained against the plaintiffs cannot be supported. The action is in replevin, and the subject matter of the litigation in such a case necessarily consists only of the property mentioned in the complaint, and it is not competent to the defendant by his answer to introduce a new and distinct subject matter of litigation by claiming of the plaintiff the return of other and distinct personal property, even though at present such a case as would have enabled him to recover in an independent action.

Judgment reversed and cause remanded, with directions to render judgment in favor of the defendant as to the property mentioned in the complaint and without regard to his counterclaim.